UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case: 1:15-cv-00510-RJD-RER
ANDREW KALLEEN,
JAMES WOODARD &   **AMENDED COMPLAINT**
JAMES GALLAGHER

                                                      PLAINTIFF'S DEMAND
                             Plaintiffs,                TRIAL BY JURY

              -against-

THE CITY OF NEW YORK,
P.O. HERBERT PLATERO,
P.O. MICHAEL FRANCO,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiffs(s).

                             Defendants.
------------------------------------------------------------X

Plaintiffs ANDREW KALLEEN, JAMES WOODARD & JAMES GALLAGHER, by and through their attorney, Paul Hale, Esq. 26 Court St. Ste. 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, P.O. HERBERT PLATERO, P.O. MICHAEL FRANCO, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of

a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiffs' claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiffs.

## PARTIES

7. ANDREW KALLEEN is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. JAMES WOODARD is citizen of the United States, resides in New York, and is a resident of the State of New York.

9. JAMES GALLAGHER is citizen of the United States, resides in New York, and is a resident of the State of New York.

10. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law.  Said officers are being sued in both their individual and official capacities.

11. At all times relevant to this action, Defendant P.O. HERBERT PLATERO was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

12. At all times relevant to this action, Defendant P.O. MICHAEL FRANCO was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

13. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

14. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described below.

## FACTUAL BACKGROUND

15. All of the plaintiffs were arrested while they were performing on New York City subway platforms; otherwise known as busking.

16. Busking has been expressly permitted in the New York City subways since 1985. Permits, permission, schedules or auditions of any kind are not required for any person to perform on subway platforms.

17. MTA 1050.6(c) states, "The following nontransit uses are permitted by the Authority, provided they do not impede transit activities and they are conducted in accordance with these rules: public speaking; campaigning; leafletting or distribution of written noncommercial materials; activities intended to encourage and facilitate voter registration; **artistic performances, including the acceptance of donations**; solicitation for religious or political causes; solicitation for charities."[1]

18. Despite the law being clear for over three decades New York City police officers continue to harass, evict, assault and arrest New Yorkers for playing music underground in perfectly legal circumstances.

19. Upon information and belief, the New York City Police Department has specifically ordered the illegal conduct of its officers by directive.

20. This is evidenced by numerous statements made to the arrestee plaintiffs by their arresting officers. Statements such as, "There is a memo that told us to clear you guys out"; "Our bosses are making us do this" and "If I don't write you a ticket my boss will think I'm not doing anything."

ANDREW KALLEEN

21. On 10/3/2012 Mr. Kalleen was playing guitar at the Metropolitan/Grand G stop when an officer told him he had to stop. The officer told Mr. Kalleen the new lieutenant working in the station right above was shutting down all busking at that station because "He was tired of hearing it." The officer then forced Mr. Kalleen to leave the subway.

---

[1] http://web.mta.info/nyct/rules/rules.htm

22. In early 2013 Mr. Kalleen was performing on the Hoyt/Schermerhorn subway platform when an officer approached him and told him to stop playing.  Another officer then approached, presented his badge, got in Mr. Kalleen's face and told him "He could stop playing or go to jail." Mr. Kalleen recorded the officer's badge numbers before leaving. The first officer's badge number was 30306, and the second was 22341.

23. On 2/24/2014 Mr. Kalleen was performing on the Metropolitan/Grand G subway platform when an officer approached him and told him to stop playing.  Mr. Kalleen told the officer MTA 1050.6(c) permitted his performance.   The officer said, "The law has changed."  Mr. Kalleen stood his ground that the law had not changed and was subsequently issued two summonses.   Both were dismissed.

24. On 10/18/2014 at approximately 1:30 am Mr. Kalleen was again performing on the Metropolitan/Grand G train platform.

25. Mr. Kalleen was approached by P.O. MICHAEL FRANCO who told him to stop.  Mr. Kalleen explained that he was allowed to perform, citing 1050.6(c).  P.O. MICHAEL FRANCO then looked up the law and read the pertinent section out loud.

26. After which, P.O. MICHAEL FRANCO stated, "Guy!  Stop playing the guitar."

27. Mr. Kalleen continued to play knowing he was not committing a crime.  At that point Mr. Kalleen was rushed by numerous officers, one of which banged Mr. Kalleen's guitar into his mouth which resulted in a split lip.

28. Mr. Kalleen was forced against the wall and handcuffed.

29. Mr. Kalleen was taken put into a police car and taken to a police station.  He was then placed in a cell for approximately five hours before being given a Desk Appearance Ticket for loitering – a violation.

30. Mr. Kalleen made two court appearances with private counsel. The District Attorney's office never prosecuted the case within the 30 day time period.[2]

31. Mr. Kalleen then filed a Notice of Claim on 1/14/2015.

## JAMES WOODARD and JAMES GALLAGHER

32. On or about 11/23/2013, at approximately 10:30 pm., Mr. Woodard and Mr. Gallagher were performing on the Hoyt–Schermerhorn G train subway platform. Mr. Gallagher was playing his guitar while Mr. Woodard recited poetry.

33. At the above time and place, Mr. Woodard and Mr. Gallagher were approached by P.O. Herbert Platero.

34. P.O. Herbert Platero immediately asked for both plaintiffs' identification. Both plaintiffs provided their IDs.

35. P.O. Herbert Platero then detained both plaintiffs and placed both in handcuffs.

36. P.O. Herbert Platero then escorted both plaintiffs to a police station within the subway station.

37. At the police station an unknown superior officer told Mr. Woodard and Mr. Gallagher that "There was a memo out to clean you guys up."

38. At the station house P.O. Herbert Platero issued a summons to Mr. Gallagher and was released after approximately 2 hours.

39. Mr. Woodard was taken into custody and spent approximately 24 hours in custody before being released on his own recognizance.

40. Both plaintiffs had their charges fully dismissed after one court appearance.

---

[2] N.Y. CPL. LAW § 30.30: "1. Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within: (d) thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime.

41. Mr. Woodard and Mr. Gallagher filed Notices of Claim on 2/19/2014.

42. Mr. Woodard and Mr. Gallagher filed a lawsuit in Kings County Supreme Court on 4/8/2014 (503024/2014).  Mr. Woodard and Mr. Gallagher seek to combine their State case to Mr. Kalleen's present complaint.[3]

43. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

44. The unlawful arrest of Plaintiffs because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

45. As a direct and proximate result of Defendants' actions, Plaintiffs were arrested and detained without just or probable cause.

46. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

47. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

48. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

---

[3] Under 28 U.S.C.A § 1367(a), federal district courts have jurisdiction to adjudicate state based claims in conjunction with federal suits where the claims share "a common nucleus of operative fact."  The leading Supreme Court case on this subject is *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966).

49. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

50. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

51. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

52. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

53. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

54. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments

to the United States Constitution.

55. As a direct and proximate cause of the acts of the Defendants, Plaintiffs suffered the following injuries and damages:

    A. Arrests not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions;

    C. Deprivations of liberty without due process of law;

    D. Excessive force imposed upon them;

    E. Summary punishment imposed upon them; and

    F. Denial of equal protection under the law.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
**42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants**

57. Plaintiffs hereby restates all paragraphs above of this Complaint as if fully set forth here.

58. Plaintiffs was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

59. Plaintiffs' speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

60. Motivated in whole or in part by Plaintiffs' protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

61. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct

caused Plaintiffs to suffer economic, physical and emotional injuries.

62. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

63. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

64. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiffs' damages.

### AS A THIRD CAUSE OF ACTION:
### 42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment– against all Defendants

65. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

66. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

67. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

68. The Defendants Police Officers' use of force against Plaintiffs was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiffs from being subjected to their actions by other Defendants Police Officers.

69. The Defendants Police Officers' violations of Plaintiffs' constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and

damages set forth above.

## AS A FOURTH CAUSE OF ACTION:
### New York State Constitution, Article 1 Section 12–against all Defendants

70. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

71. By detaining and imprisoning Plaintiffs without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants Police Officers deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

72. Defendants Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with specific intent to deprive Plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

73. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein-before alleged.

## AS A FIFTH CAUSE OF ACTION:
### Assault and Battery–against all Defendants

75. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

76. In physically assaulting, handcuffing, and intimidating the Plaintiffs, the Defendants Police Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and

battery upon the Plaintiffs.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs' sustained the damages hereinbefore stated.

### AS A SIXTH CAUSE OF ACTION:
### False Arrest and False Imprisonment–all Defendants

78. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

79. The Defendants Police Officers wrongfully and illegally detained and imprisoned Plaintiffs.

80. The wrongful arrest and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

81. At all relevant times, the Defendants acted forcibly in apprehending, detaining, and arresting Plaintiffs.

82. During this period, Plaintiffs were unlawfully, wrongfully and unjustifiable detained and deprived of their liberty, and imprisoned.

83. All of the foregoing occurred without any fault or provocation on the part of Plaintiffs.

84. Defendants, their officers, agents, servants, and employees were responsible for Plaintiffs' detention and arrest during this period of time.  Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

85. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

### AS A SEVENTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress–all Defendants

86. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

87. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly

causing severe emotional distress to Plaintiffs.

88. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

89. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

90. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein-before stated.

## AS AN EIGHTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services–against all Defendants

91. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

92. Upon information and belief, Defendants, owed a duty of care to Plaintiffs to prevent the physical and mental abuse sustained by Plaintiffs.

93. Upon information and belief, Defendants owed a duty of care to Plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiffs or to those in a like situation would probably result from this conduct.

94. Upon information and belief, Defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

95. Upon information and belief, Defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiffs' injuries.

96. Upon information and belief, because of the Defendants' negligent hiring and retention of the

aforementioned Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A NINTH CAUSE OF ACTION:
**Negligence–against all Defendants**

97. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

98. As a direct and proximate result of the negligent acts of all the Defendants, as set forth herein, Plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

99. That by reason of the said negligence, Plaintiffs suffered and still suffer bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and are informed and verily believe that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believe that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

100. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A TENTH CAUSE OF ACTION:
*Monell* claim[4]

101. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

102. As can be seen by the incidents described above, the NYPD has been carrying on a policy

---

[4] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

and practice of harassing buskers on subway platforms. All of the tickets issued to buskers are frivolous and have subsequently been dismissed. The harassment incurred by buskers without receiving tickets and being forced to leave the station is instituted by a policy and practice of supervising officers. Arrestees have heard numerous officers tell them that this is a policy of the NYPD and that they would be ticketed if they continued to frequent the subway platforms.

103. The City of New York and the New York City Police department, at the very least, have maintained a deliberate indifference to the illegal harassment of New York City buskers. Other lawsuits relating to busking have been filed and settled by the New York City Law Dept. *Burger v. NYC* 1:14-cv-02539-LAK-HPB (SDNY); *Christian v. NYC* 12-cv-5049 (SDNY) Furthermore, there have been dozens of articles over the last decade that explain that busking is legal. Moreover, the MTA's own rules permit it in an unambiguous way. Despite this, the harassment continues unabated.

104. Despite buskers informing the officers in each incident that they are within their rights they are still harassed, ticketed and intimidated by the officers. Buskers have even gone so far as to show defendants documentation from the MTA's own guidelines that state they are within their rights. The officers have responded by saying that they are under orders from their boss to "issue tickets", that they are doing "what their boss told them", and that they "need to issue tickets or [they] will get in trouble from [their] boss." Upon information and belief, and under the totality of the circumstances, Buskers feel they have been specifically targeted by supervising officers within the MTA police administration.

105. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction, train, supervise or discipline police officers including the

defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

4. On the Fourth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

5. On the Fifth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

6. On the Sixth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

under 42 U.S.C. Section 1988,

7. On the Seventh Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

8. On the Eighth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

9. On the Ninth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

10. On the Tenth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

11. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
4/7/2014

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344